IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CODY RYAN FIELDS,

        Plaintiff,

v.                                          CIVIL ACTION NO.  2:19-cv-00493

ROSS H. MELLINGER, et al.,

        Defendants.

## ORDER OF CERTIFICATION TO THE
## SUPREME COURT OF APPEALS OF WEST VIRGINIA

This Court respectfully requests that the Supreme Court of Appeals of West Virginia exercise its certification jurisdiction pursuant to W. Va. Code §§ 51–1A–1 to 51–1A–13 and answer the questions of law set forth below. The question concerns the clarification of the opinion issued by the Supreme Court of Appeals of West Virginia in *Harrah v. Leverette*, 271 S.E.2d 322 (W. Va. 1980) and is critical to the disposition of the above–captioned case pending in this Court.

*I.    Question of Law*

Does West Virginia recognize a private right of action for monetary damages for violations of Article III, Section 6 of the West Virginia Constitution?

Article III, Section 6 of the West Virginia Constitution parallels the Fourth Amendment of the United States Constitution. Whether the West Virginia Constitution gives rise to a private right of action for money damages under this Section is a question of some dispute among West Virginia's federal courts. In reliance on the West Virginia Supreme Court of Appeals' decision in

1

*Harrah v. Leverette*, 271 S.E.2d 322 (W. Va. 1980), this Court has repeatedly held that claims for money damages are not available to remedy violations of Article III of the West Virginia Constitution. *See Nutter v. Mellinger*, No. 2:19-CV-00787, 2020 WL 401790, at *6 (S.D. W. Va. Jan. 23, 2020) (Goodwin, J.) (holding "that a private plaintiff cannot bring a claim for damages under Article III, § 6 of the West Virginia Constitution when there is not an independent statute authorizing such a cause of action"); *Smoot v. Green*, No. 2:13-10148, 2013 WL 5918753, at *4–5 (S.D. W. Va. Nov. 1, 2013) (Copenhaver, J.) (dismissing the plaintiff's West Virginia Constitution claims "to the extent the claims under Article III seek monetary relief. . . ."); *see also Spry v. W. Virginia*, No. 2:16-CV-01785, 2017 WL 440733, at *7 (S.D. W. Va. Feb. 1, 2017) (Johnston, J.) (holding that the plaintiff's Article III claims present a question of unsettled law and notifying the parties that certification is imminent if the Plaintiffs continue to proceed under this theory of liability). The West Virginia Supreme Court of Appeals has never addressed this issue directly, and this Court now seeks clarification.

## II. Facts

This Court will first set forth the facts relevant to the questions of law to be certified and which are necessary to understand "fully the nature of the controversy out of which the question arose." W. Va. Code § 51-1A-6(a)(2).

### A. Background Facts

The parties have stipulated to the following statement of facts:

On July 2, 2019, Plaintiff Cody Ryan Fields filed his Complaint against Defendants Ross H. Mellinger, both individually and in his official capacity as a Jackson County Sheriff's Deputy; Tony Boggs both individually and in his official capacity as the Sheriff of Jackson County; and the Jackson County Commission d/b/a Jackson County Sheriff's Department. (ECF No. 1). Plaintiff alleges that on or about September 20, 2017, Defendant Mellinger, among others,

were [sic] executing a search warrant at a residence located at 298 Maplewood
Heights Rd. in Jackson County, West Virginia. (Id. at ¶ 5).[1] At the time of the
incident, Plaintiff alleges that he was standing in a detached garage adjacent to the
residence with open bay doors and as Defendant Mellinger approached the
garage, Plaintiff had his hands raised and was bending at the waist to get on the
ground. (Id.). As Plaintiff was bending down, Defendant Mellinger allegedly
struck Plaintiff in the face with the butt end of a shotgun. (Id.). Plaintiff was
charged with obstructing an officer and simple possession of a controlled
substance. (Id. at ¶ 9).

Plaintiff asserts that Defendant Mellinger as well as J.M. Comer and C.C. Metz
submitted written reports to Defendant Boggs and Katie Franklin[2], Prosecuting
Attorney, to mitigate the alleged excessive force utilized against him. (Id. at 32).
Plaintiff asserts that he made repeated attempts to have a suppression hearing on
the underlying charges, however each time the state's witnesses were unavailable.
(Id. at ¶ 9). Accordingly, the charges were dismissed. (Id.). Plaintiff further
asserts that the Jackson County Commission implemented customs, policies or
official or unofficial acts which led to the injury claimed by Plaintiff and failed to
provide reasonable means of supervision of Deputy Mellinger despite having
knowledge of his propensity or pattern or practice of violence. (Id. at ¶ 29).

Plaintiff's Complaint asserts claims against Deputy Mellinger for violation of
Article III, Sections 6, 10, and 17 of the West Virginia Constitution; negligence;
battery; excessive force pursuant to 42 U.S.C. § 1983; Monell and Supervisory
Liability claims pursuant to 42 U.S.C. § 1983 against Sheriff Boggs and the
Jackson County Commission "d/b/a" Jackson County Sheriff's Department; and
unlawful conspiracy pursuant to 42 U.S.C. §§ 1983 and 1985.

(ECF No. 30 at 1–3.)

### B. Procedural History

On November 16, 2018, Plaintiff filed a Complaint in the United States District Court for the Southern District of West Virginia invoking this Court's federal question jurisdiction. On August 26, 2019, Defendants Sheriff Tony Boggs, Deputy Ross H. Mellinger, and the Jackson County Commission d/b/a the Jackson County Sheriff's Department ("Defendants") filed a

---

[1] For the purposes of this motion, the allegations set forth in Plaintiff's Complaint are taken as true.
[2] Comer, Metz and Franklin are not parties in this matter.

Partial Motion to Dismiss. (ECF No. 10.) Plaintiff responded, (ECF No. 14), and Defendants replied, (ECF No. 15). Further, on February 10, 2020, the Court held a telephonic conference where the Court took Defendants' Partial Motion to Dismiss under advisement and directed the parties to submit a proposal for a certified question.

### III. Acknowledgment

Pursuant to W. Va. Code § 51-1A-6(a)(3), this Court and the parties agree and acknowledge that the Supreme Court of Appeals of West Virginia may reformulate the certified question presented.

### IV. Names and Addresses of Counsel of Record

A. *Counsel for Plaintiff*

**Michael T. Clifford**
Suite 1200
723 Kanawha Blvd., East
Charleston, WV 25301

B. *Counsel for Defendants*

**Drannon L. Adkins**
Pullin Fowler Flanagan Brown & Poe
901 Quarrier Street
Charleston, WV 25301

**Wendy E. Greve**
Pullin Fowler Flanagan Brown & Poe
901 Quarrier Street
Charleston, WV 25301

**William Austin Smith, II**
Pullin Fowler Flanagan Brown & Poe
901 Quarrier Street
Charleston, WV 25301

The Court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the Supreme Court of Appeals of West Virginia, counsel of record and any unrepresented party.

ENTER: March 3, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE